IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTONIO LEDESMA, as personal
Representative for the Estate of Maria
Ledesma (deceased) and as legal guardian
of Nancy Osorio (a minor),

        Plaintiff,

    vs.

RICHARD BRAHMER d/b/a BRAHMER
TRUCKING, RICARDO OSORIO also known
as RICARDO OSORIO TORRES,

        Defendants.
_____

RICHARD BRAHMER d/b/a BRAHMER
TRUCKING,

        Counterclaimant

    vs.

RICARDO OSORIO,

        Counterclaimant Defendant.
_____

**8:13CV310**

**MEMORANDUM AND ORDER**

      This matter is before the Court on the following motions: defendant, Richard Brahmer d/b/a Brahmer Trucking's (hereinafter "Brahmer") motion in limine, Filing No. 73; plaintiff's motion in limine regarding an expert report and testimony, Filing No. 75; and plaintiff's motion in limine, Filing No. 79.  This is a wrongful death action involving a fatal car accident that occurred in Fremont County, Iowa, on March 18, 2012.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**DISCUSSION**

      Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings,

performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.   *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).   A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose."  *Id.*  In other instances, it is necessary to defer ruling until trial, when the trial judge can better estimate the impact of the evidence on the jury.  *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility, but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

**I. Defendant's Motion in Limine**

The defendant seeks an order precluding the plaintiff from introducing evidence of the following at trial: (a) liability insurance; (b) evidence of medical condition or medication related to narcolepsy; (c) evidence of cellular phone usage; (d) evidence of prior violations; and (e) evidence of mental anguish.  Filing No. 73.  Additionally, the defendant requests this court (f) prohibit Ricardo Osorio from referring to Maria Ledesma as his "wife" or "spouse"; (g) sequester witnesses during trial; and (h) limit the testimony of experts to opinions expressed in their reports. *Id.* The Court finds as follows:

(a) The defendant suggests that the plaintiff will introduce evidence or testimony regarding liability insurance carried by the plaintiff.  Filing No. 74.  The defendant contends that evidence or testimony regarding liability insurance is not permissible

under Fed. R. Evid. 411, will be prejudicial to the defendant, has no probative value, and would not assist the fact finder in resolving any of the issues at trial. *Id.* The plaintiff did not respond to this contention. The Court grants the request to prohibit evidence of liability insurance as such information is generally not admissible. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully.")

(b) The defendant contends that the plaintiff will introduce evidence or testimony that Samuel Merritt, the semi-truck driver, suffered from a condition related to narcolepsy and that he was treated with medication commonly used to treat narcolepsy. Filing No. 74. The defendant contends that there is no evidence that narcolepsy or medication is related to the accident. *Id.* The plaintiff did not respond to this contention. Accordingly, the Court sustains the request to prohibit evidence of Samuel Merritt's medical condition or medication related to narcolepsy at this time. The Court notes that this evidence is potentially admissible, however, the Court will not permit the plaintiff to offer purely speculative evidence. If the plaintiff has credible evidence to support a connection between the narcolepsy, or the side effects of medication used to treat the condition, and the accident, then the plaintiff must produce such evidence outside the presence of the jury, before the court will allow the questioned testimony.

(c) The defendant believes that the plaintiff will introduce evidence or testimony that Samuel Merritt, the semi-truck driver, was talking on his cellular phone at or near the time of the accident. Filing No. 74. The defendant contends that this evidence is irrelevant to the case, would likely be prejudicial, and will likely confuse or mislead the jury. *Id.* The plaintiff did not respond to this contention. The Court denies the request

3

to prohibit evidence of cellular phone usage at this time.  The Court finds that this evidence is likely admissible and it is up to the trier of fact to determine what weight it should receive.

(d) The defendant suggests that the plaintiff will attempt to introduce evidence related to prior violations committed by Samuel Merritt, including speeding and other traffic or motor carrier violations.  Filing No. 74.  The defendant further suggests that the prior violations will be introduced as character evidence prohibited by Fed. R. Evid. 404. The plaintiff did not respond to this contention.  The Court grants the request to prohibit evidence of prior violations.  The Court finds that this would be impermissible character evidence, which is prohibited by Fed. R. Evid. 404, and that this evidence is not relevant.

(e) The defendant suggests that the plaintiff will introduce evidence of mental anguish suffered because of the death of Maria Ledesma.  Filing No. 74.  The defendant suggests that this evidence is not a proper matter for consideration, will prejudice the defendant and is likely to evoke a verdict based on sympathy rather than proper evidence.  *Id.*  The plaintiff did not respond to this contention.  The Court denies the request to prohibit evidence of mental anguish at this time.  The Court finds that this evidence is generally admissible, and it is up to the trier of fact to determine what weight it should receive. *See Holmquist v. Volkswagen of Am., Inc.*, 261 N.W.2d 516 (Iowa Ct. App. 1977) (finding that pain and suffering damages include mental anguish).

(f) The defendant suggests that Ricardo Osorio may refer to Maria Ledesma as his "wife" or "spouse" during the trial to evoke sympathy from the jury.  Filing No. 74. This Court previously determined that Ricardo Osorio cannot be regarded as married to

4

Maria Ledesma.   Filing No. 38.   Therefore, the Court grants the request to prohibit Ricardo Osorio from referring to Maria Ledesma as his "wife" or "spouse".

(g) The Court grants the request to sequester witnesses during trial.

(h) The defendant suggests that the experts expected to testify in this matter should be limited to opinions contained in their disclosed reports.   Filing No. 74.   The plaintiff did not respond to this contention.   The Court grants the request to limit the testimony of experts to opinions expressed in their reports, absent a compelling argument to the contrary.   *See* Fed. R. Civ. P. 26(a)(2)(B).

**II. Plaintiff's Motion in Limine (Expert Report and Testimony)**

The plaintiff, Antonio Ledesma, seeks an order precluding the defendant from introducing evidence of the expert report and testimony of Dr. Brad Randall at trial. Filing No. 75.   The defendant contends that Dr. Randall should be permitted to evaluate the injuries, compare them to available photographs, and provide his opinion about the mechanism of injury and death.   Filing No. 80.   Additionally, the defendant contends that the methods used by Dr. Randall are the same methods used by the plaintiff's expert witness, Dr. Okoye.   *Id.*   The Court denies the request to preclude the defendant from introducing evidence of the expert report and testimony of Dr. Brad Randall.   Dr. Randall has over thirty years of experience as a practicing forensic pathologist. The Court finds Dr. Randall has sufficient knowledge, experience and education necessary to form the opinions he will present at trial and that such opinions are relevant.   If, however, the plaintiff feels that Dr. Randall attempts to testify outside of his expertise and duly held opinions in this case, the plaintiff is free to object at that time.

**III. Plaintiff's Motion in Limine**

The plaintiff, Antonio Ledesma, also seeks an order precluding the defendant from introducing evidence of the following at trial: (a) any statement that Maria Ledesma, the deceased, was not properly restrained with a seatbelt at the time of the accident, (b) any testimony that Ricardo Osorio was covered by liability insurance on the day of the accident, (c) any evidence or testimony that Samuel Merritt, the semi-truck driver, did not have enough time to stop before striking Ms. Ledesma. Filing No. 79. The Court finds as follows:

(a) The Court denies the request to prohibit evidence that Maria Ledesma was not properly restrained with a seatbelt at the time of the accident.  The Court finds that this evidence is admissible and it is up to the trier of fact to determine what weight it should receive.  Additionally, this factor may potentially affect damages, if awarded. *See Cowan v. Flannery*, 461 N.W.2d 155 (Iowa 1990).

(b) The Court grants the request to prohibit evidence of liability insurance for the same reasons stated in defendant's motion in limine regarding this issue.

(c) The Court denies the request to prohibit evidence that Samuel Merritt did not have enough time to stop before striking Ms. Ledesma.  The Court finds that this type of evidence is generally admissible, and it is up to the trier of fact to determine what weight it should receive.  Additionally, this factor may potentially affect damages, if awarded.  Again, if the plaintiff believes the evidence is irrelevant or not probative, a timely objection is permitted.

THEREFORE, IT IS ORDERED THAT:

1.  Defendant's motion in limine, Filing No. 73, is granted in part and denied in part as set forth herein; and

2.  Plaintiff's motions in limine, Filing No. 75 and Filing No. 79, are granted in part and denied in part as set forth herein.

Dated this 15th day of April, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge